IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NOVASTAR MORTGAGE, INC., ) | |
| ) | Case No. 1:06-CV-00250 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | Magistrate Judge Nancy A. Vecchiarelli |
| JAMES MCKELTON, et al., ) | |
| ) | |
| Defendants. ) | O R D E R |
| ) | |
| ) | |

Before the court is plaintiff NovaStar Mortgage, Inc.'s ("NovaStar") motion for summary judgment [Docket No. 27] on its complaint for foreclosure against defendant James McKelton ("McKelton"). For the following reasons, NovaStar's motion is granted and judgment is entered for NovaStar.

McKelton and his wife Serena McKelton executed a promissory note and mortgage on August 1, 2005 for the property at 3416 Kildare Road, Cleveland Heights, OH, 44118, parcel number 687-07-094. McKelton did not make payments as they became due on the note, and NovaStar filed this action for foreclosure. When the complaint was filed in February 2006, $130,427.22 remained due and payable on the note, plus interest of 8.9 percent per annum on the outstanding principal from September 1, 2005. McKelton answered the complaint, but did not respond to NovaStar's motion for summary judgment.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th

Cir. 2004). If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248. An issue is "genuine" if the evidence is such that a reasonable juror "could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. As McKelton has not filed an opposition to NovaStar's motion, the court will treat the motion as unopposed. N.D. OHIO CIV. R. 7.1(g).

The court therefore grants NovaStar's motion for summary judgment, as it has shown as a matter of law that it is entitled to a decree in foreclosure and a judgment against McKelton in the amount of

$130,427.22, plus interest on the outstanding principal balance at the rate of 8.9 percent per annum from September 1, 2005. NovaStar is also awarded costs and expenses incurred in enforcing its rights under the note and mortgage.

McKelton has ten (10) business days from the entry of this order to satisfy this judgment, pursuant to Section 2.4 of General Order 2006-16. *In re Procedures for Foreclosure Actions Based on Diversity Jurisdiction*, General Order No. 2006-16 (N.D. Ohio June 5, 2006, amended Oct. 13, 2006) ("General Order 2006-16"). Should McKelton fail to satisfy the judgment, NovaStar may file a motion for order of sale, pursuant to Section 3 of General Order 2006-16, as amended.

The court also directs NovaStar to file either a status report indicating whether the State of Ohio is still an active defendant, or a notice of dismissal of the State of Ohio as a party to this action, by January 12, 2007.

Pursuant to FED. R. CIV. P. 54(b), this order is final and appealable.

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: January 3, 2007**